GILBERT *v.* SWILLEY.

5-2863                                                363 S. W. 2d 412

Opinion delivered January 7, 1963.

*John L. Wilson* and *James H. Pilkinton,* for appellant.

*W. S. Atkins,* for appellee.

GEORGE ROSE SMITH, J. This case involves the custody of Kelly Gilbert, the three-year-old daughter of the appellant John G. Gilbert and the appellee Gayle Gilbert Swilley. When the couple were divorced in February of 1961 the court awarded the custody of the child to the other two appellants, Mr. and Mrs. Glen Gilbert, who are John G. Gilbert's father and stepmother. After the divorce the child's mother married Conrad Swilley. Early in 1962 Mrs. Swilley filed a petition asking that she be given the custody of her child. The chancellor granted that relief. In seeking a reversal the principal appellants, Mr. and Mrs. Glen Gilbert, insist that the appellee failed to prove a sufficient change of circumstances to justify the court in modifying the original decree.

The appellee was only sixteen years old when she and John G. Gilbert were married in 1956. Their child, Kelly, was born in August of 1959. The couple lived in Winnfield, Louisiana, until their separation in April or May of 1960. John then returned to Hempstead county, Arkansas, and placed the child in the care of Mr. and Mrs. Glen Gilbert. There is some dispute about whether Gayle Gilbert voluntarily surrendered her child at the time of the separation.

In June of 1960 John G. Gilbert filed suit for divorce on the ground of indignities. The case was pending for about eight months. During the latter part of that time Gayle, who was still living in Winnfield, became intimate with her present husband. The two candidly admit that Gayle was three months pregnant when Gayle's husband obtained his divorce on February 6, 1961. Gayle Gilbert and Conrad Swilley were married five days later. There is ample testimony to support the conclusion that their home in Winnfield is a suitable Christian place for the child. Swilley joins his wife in asking for the care and custody of Kelly Gilbert.

The child's father lives in Hope. He, too, remarried soon after the divorce, but he and his present wife do not ask for custody of the child. Instead, Gayle's peti-

tion is resisted primarily by the Glen Gilberts, who insist that the child be permitted to remain with them. Their home, too, is a suitable one for the child.

We do not think the chancellor's finding of changed conditions to be against the weight of the evidence. When the divorce decree was entered the appellee had no home of her own and was hardly in a position to ask for Kelly's custody. Now that the appellee has remarried and established a home the situation is completely changed. As the chancellor observed, if this petition should be denied the little girl will grow up without ever really knowing her own mother.

Nor do we find merit in the appellants' contention that a change of custody is not for the best interest of the child. As between a mother and grandparents the mother is entitled to the custody of her child in the absence of a showing that she is unfit to be entrusted with the child's care. *Duncan* v. *Crowder*, 232 Ark. 628, 339 S. W. 2d 310. That showing has not been made here. The appellants put much stress upon the appellee's relationship with Swilley before their marriage, but infidelity on the part of a wife is not necessarily a sufficient reason for depriving her of the precious privilege of bringing up her own child. *Blain* v. *Blain*, 205 Ark. 346, 168 S. W. 2d 807. In this case we cannot say that the chancellor, who had the advantage of seeing the parties as they testified, reached the wrong decision.

Affirmed.

McFADDIN, J., not participating.